Johnston, Ch.
delivered the opinion of the Court.
We agree with the Chancellor, that the sureties to the second and thii'd bonds are to be regarded as parties to a common undertaking. To the distributees of the estate they are responsible to the extent of, and as among themselves, in proportion to, the obligations executed by them respectively. This is the Chancellor’s conclusion of fact, as to the intention of the parties; and it seems to be well warranted by th,e circumstances.
But we differ from him with respect to the sureties to the first bond.
Upon the petition of these sureties for relief, the question is, what power had the Ordinary to relieve them? It is conceded on all hands, that he could not grant them a direct discharge from the obligations of the contract into which they had entered. It has been supposed, however, that though an Ordinary cannot discharge the contract as to past transactions, he may do so with respect to the future. But it is not so. For instance if, upon the application of these sureties, the Ordinary had made a decree, in terms, that the bond’given by them *206 should not be obligatory on them, in respect to the future conduct of the administrator, without more; such a decree W0U^ *lave been a mere nullity. While the administration exists, the contract in virtue of which it was granted, cannot be abrogated or impaired. If the letters of administration be revoked, this excludes the sureties from being made liable for the administrators future conduct; though they remain subject to all responsibilities incurred at that time. The Ordinary has no power, either as to the past or the future, to decree relief, but “to make such older or decree as shall be sufficient to give relief;” and it depends altogether upon the operation of the decree which is made, and not upon its object or intention, whether or not the decree is really a relief to the sureties. In the case before us the Ordinary revoked the letters of administration ; which restricted the liabilities of the sureties upon the bond to that, point of time. They remained, however, subject to all existing liabilities; and if the administration de bonis non had been conferred upon a stranger they would have been liable to him, as such; and according to the case of Villard v. Robert, might have been compelled to account to him, and his release would have been a good discharge to them. And so when the administration de bonis non was conferred upon Powell, the former administrator, he became entitled in his new capacity to an account of the past administration, and if the account had been formally rendered and the futids ceremonially transferred, no one will doubt that the sureties to the administration would have been fully discharged, and a corresponding liability .substituted, in the sureties of the administrator de bonis non. As the administrator, and the administrator de bonis non, the debtor and the creditor, was the same person, and therefore iucapable, by recognized legal process, of suing himself or obtaining this account and transfer, the only question is, whether the same results were not producced b-¶ operation of law, and we think upon authority they were. The bond was not abrogated, but it has been satisfied. It was not vacated, but has been paid.
5 Stat, in.
1 Str¿ E1'
l McMul. Eq. 3(i9-X HillCh.414.
l Salk, 299.
There is nothing in Field v. Pelot, which destroys this doctrine. One of the Chancellors seems to question the case of Vaughan v. Evans, in which it has been applied. But he had not the concurrence of either of the three other Chancellors, two of whom, though uniting in his decree, did not apply it, because the case before them did hot in their apprehension come under it. That case is an existing authority ; and the present decree cannot be sustained without overruling it, for which we are not prepared.
It may be affirmed, that from the time of Waukford v. Waukford there is no case where a debt and credit, a right to demand, and an obligation to pay, co-exist even for a mo *207 ment in the same person, in which it has not been held that the debt was extinguished by presumption of its payment. A debtor becoming executor to his creditor, is held, at common law, to have paid his debt; and upon his death, his cannot be called upon by the representative of the creditor, to pay it. A husband is discharged by the marriage, from pre-existing debts to the wife, and whether solvent or not at the time of the marriage, and therefore whether capable or not to make actual payment, his representative is not liable to be sued by the wife, if she should survive him.
e 2 Bail. R. 480. 2 Hill R.5J2.
A case such as the present, where the administration has been revoked and the distinct office of administrator de bonis non conferred on the same person, is strictly almost the only case of' administration in which a debt and a credit can coexist in the same individual, in which he is at once both debtor and creditor. A case of continuing administration presents no such feature. But where the administration is revoked, a debt may exist, and when the administration de bonis non is conferred, a right to demand it arises to the new officer; and as perfectly where the appointment falls upon the former incumbent, as if it- had been bestowed on a stranger. The new office is distinct from the old, and secured by a distinct bond; and must be attended by the same rights, in whose hands soever it may be placed. There is no difference in principle between such a case, and the cases where an administrator has been appointed guardian, in which cases it has been uniformly held that the funds in the hands of the administrator are transferred to his hands as guardian, to the discharge of his sureties to the former office.
In no case where there has been a new appointment of the same person to a distinct office, have his former sureties been held liable ; neither in Trimmier v. Trail, The Ordinary v. Bigham, Cobb v. Simkins, Joyner v. Cooper, nor any other. And .although in some of the cases the decision turned on other points, and dicta are to be found relating to the different degrees of direct power possessed by the Ordinary over the contract, in cases of past as contradistinguished from future liabilities, (altogether inaccurate, I apprehend) the doctrine for which I now contend would have applied to them all and have led to the same results.
It is adjudged and decreed that the sureties to the first bond are discharged ; and that the decree on that point be reversed. In all other respects it is affirmed, and the appeal dismissed.
The point in relation to the mortgages taken by the sureties, is not embraced in the appeal, and cannot be considered.
Dunkin, Ch. and Caldwell, Ch. concurred.

Decree modified.